# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:06CR250

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| ERCULANO CASTRO-CAZAREZ ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Rule 20 consent and request to transfer this case to the United States District Court for the District of Arizona. The Government has not responded.

Rule 20 of the Federal Rules of Criminal Procedure provides in pertinent part:

> A prosecution may be transferred from the district where the indictment . . . is pending, . . . to the district where the defendant is . . . present if:
>   (1) the defendant states in writing a wish to plead guilty . . . and to waive trial in the district where the indictment . . . is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and
>   (2) the United States attorneys in both districts approve the transfer in writing.

2

**Fed. R. Crim. P. 20(a).** The Defendant has filed the necessary statement, both here and in Arizona. However, the Court has not heard from either United States Attorney concerning their approval or disapproval of the transfer. The rule appears to make transfer mandatory if both such approvals are obtained. **Fed. R. Crim. P. 20(b) ("After receiving . . . the required approvals, the clerk where the indictment . . . is pending** *must* **send the file . . . to the clerk in the transferee district.").** However, the Court will not effect the transfer absent such approvals.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall not effect the transfer of this case unless and until the approval is received from each of the United States Attorneys involved.

Signed: January 9, 2007

Lacy H. Thornburg
United States District Judge